## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| BARON BELL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 23-cv-2036 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

### I.  INTRODUCTION

Plaintiff Baron Bell brings this action against Defendant District of Columbia, raising fourteen claims related to his employment with the District of Columbia Department of Health and his termination from that agency in 2022.  He contends that the District violated (1) 42 U.S.C. § 1983 by depriving him of his rights under the First, Fourth, and Fifth Amendments to the U.S. Constitution; (2) the District of Columbia Whistleblower Protection Act, D.C. Code § 1-615.51, *et seq.*, by retaliating against him; (3) the District of Columbia Human Rights Act, D.C. Code § 2-1401, *et seq.*, by discriminating against him on the basis of sex, sexual orientation and religion; and (4) the District of Columbia Comprehensive Merit Personnel Act ("CMPA"), DC Code § 1-603.01, *et seq.*, by subjecting him to a hostile work environment and constructive discharge.  He also presents claims for intentional infliction of emotional distress, defamation, invasion of privacy, and negligence.

 The District of Columbia moves to dismiss, arguing that Mr. Bell's Complaint is unclear and overly long in violation of Federal Rule of Civil Procedure 8, and alternatively, that some of the fourteen counts in the Complaint fail to state a claim under Federal Rule of Civil Procedure

Rule 12(b)(6). For the reasons stated below, the Court agrees with the District that the Complaint is inconsistent with Rule 8, and **GRANTS** Defendant's motion to dismiss the Complaint. It will, however, provide Mr. Bell with an opportunity to file an amended complaint.

## II.  FACTUAL BACKGROUND

As discussed below, the Complaint is sprawling, and it is not easy to discern the essential facts underlying Mr. Bell's claims. Nevertheless, with the benefit of the summaries provided by the parties in their briefing on the instant motion, the Court will make its best effort to summarize the core allegations.

Mr. Bell is a Black fifty-four-year-old heterosexual male. Compl. ¶¶ 5, 282, ECF No. 1. He was employed with the District of Columbia's Department of Health, and specifically the HIV/AIDS, Hepatitis, STD and TB Administration ("HAHSTA") for four years before his termination in 2022. *Id.* ¶¶ 5–6. In 2020, Mr. Bell joined an "Anti-Racism Group" organized by a HAHSTA administrator. *Id.* ¶ 7. In January 2021, while part of this group, he believed that he witnessed a coworker, who was a Black woman, being bullied over email by another coworker, Mr. Ivan Eaton. *Id.* ¶¶ 9–15. Mr. Bell was "extremely uncomfortable" about this situation and believed it was linked to his female colleague's gender. *Id.* ¶¶ 16–17. Mr. Bell was unsatisfied with Mr. Eaton's apology at another meeting, and he later reported the incident to the human resources department. *Id.* ¶¶ 18, 21–22.

In response, Mr. Eaton launched a retaliation plot, which resulted in an "Employee and Labor Relations Manager" questioning Mr. Bell about a private chat communication he had with Mr. Eaton, followed by management ordering Mr. Bell to "submit an affidavit that he did not intend to kill or physically harm anyone at HAHSTA." *Id.* ¶¶ 21–27. Mr. Bell was then summoned to several mediation meetings to address allegations that he created a hostile work

environment for his "very close" friend Ms. Sherita Grant, who is also a "very close, intimate friend" of Mr. Eaton. *Id.* ¶¶ 28, 38–39, 41. According to the Complaint, Ms. Grant reported Mr. Bell for a hostile work environment because of his interactions with Mr. Eaton and because Mr. Bell "hurt [her] feelings." *Id.* ¶ 38. Around this time, Mr. Bell's supervisor told him that his desk would be moved to a less desirable location and that some of his job duties would be reassigned. *Id.* ¶ 42. Having "had enough," Mr. Bell filed a 17-page complaint with the District of Columbia Department of Human Resources. *Id*. ¶ 43. He requested unpaid extended leave, which was denied, and he was placed on "absent without leave (AWOL)" status. *Id.* ¶¶ 44–48. After four months he received a proposed separation letter accusing him of job abandonment, which Mr. Bell responded to by notifying the District about his hostile work environment. *Id.* ¶¶ 54–55.

In June 2022, Mr. Bell emailed Ms. Grant's private email account from his private account, telling her that he intended to sue her and the District of Columbia. *Id.* ¶ 57. In the following days he was informed that his "Proposed Separation was being rescinded" and then told shortly afterward that "the rescindment of the Proposed Separation was being rescinded." *Id.* ¶¶ 58–59. That same week, he was presented with a "Temporary Peace Order Protection Petition taken out against [him] by Ms. Grant and issued by the Maryland District Court of Prince George's County." *Id.* ¶ 60. The order included, as an exhibit, an email exchange where Ms. Grant forwarded Mr. Bell's email to the Director of the District's Department of Health and the Director promised Ms. Grant to figure out the best way to assist her. *Id.* ¶¶ 60, 150.

In July 2022, Mr. Bell received a "Final Summary Removal" notice from the Director, based on his email to Ms. Grant. *Id.* ¶¶ 64–65. The notice accused him of being a threat to Ms. Grant. *Id.* ¶ 65. Mr. Bell alleges that a police investigation later found that he did not threaten

3

Ms. Grant, and that the peace order petition was "dismissed on appeal by the Circuit Court of Maryland." *Id.* ¶¶ 60, 107–08. He asserts that these events at HAHSTA were part of an "outrageous plot to stigmatize him as a threatening, violent, angry Black man." *Id.* ¶ 262. He also alleges that his complaints about the workplace were not taken seriously, and that he was targeted for retaliation, because he is a man and because he is heterosexual. *Id.* ¶¶ 250–51, 270–71. Mr. Bell also says that he was misinterpreted and discriminated against after he invoked God and his religion in several emails. *Id.* ¶¶ 294–301.

Mr. Bell filed this action on July 14, 2023. *See* Compl. He brings fourteen counts against the District of Columbia: (1) violation of the First Amendment; (2) violation of the Fourth Amendment; (3) violation of the Fifth Amendment, including several different due process theories; (4) violation of the District of Columbia's Whistleblower Protection Act; (5) sex discrimination under the District of Columbia's Human Rights Act; (6) sexual orientation discrimination, also under the Human Rights Act; (7) religious discrimination, again under the Human Rights Act; (8) violation of the CMPA; (9) constructive discharge; (10) hostile work environment; (11) intentional infliction of emotional distress; (12) libelous defamation; (13) invasion of privacy false light; and (14) negligence. *Id.* ¶¶ 68–116, 117–32, 133–212, 213–23, 224–51, 252–86, 287–305, 306–25, 326–51, 352–79, 380–405, 406–22, 423–34, 435–58.[1] The District of Columbia, after receiving an extension of time, filed a motion to dismiss on October 10, 2023. Def. District of Columbia's Mot. Dismiss Compl. ("Mot. Dismiss"), ECF No. 5. Mr. Bell, also after receiving an extension, filed an opposition on November 27, 2023. Pl.'s Answer

---

[1] As discussed later in the opinion, the numbering in the Complaint resets after paragraph 379, but the Court cites to the paragraphs after that point as they would have been labelled if the numbering continued in a regular manner.

Def. Mot. Dismiss. Compl. ("Pl.'s Opp'n"), ECF No. 12.  The District filed a reply on December 6, 2023.  Def. District of Columbia's Reply Supp. Mot. Dismiss, ECF No. 14.

Mr. Bell was represented by counsel when he filed the Complaint, but on November 20, 2023, his counsel moved to withdraw because "Plaintiff has advised that he wishes to represent himself or retain other counsel and has asked counsel to withdraw from the case."  Consent Rule LCvR 83.6(c) Motion to Withdraw Appearance of Attorney, ECF No. 10.  The Court granted that motion.  Dec. 14, 2023 Min. Order.  Mr. Bell's opposition to the motion to dismiss was filed *pro se*, and he remains *pro se* as the Court now decides the motion.  *See* Pl.'s Opp'n at 45.

### III.  LEGAL STANDARDS

#### A.  Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a) requires a complaint to "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Relatedly, under Rule 8(d)(1), "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (citation and internal quotation marks omitted).  The requirements of Rule 8 are meant "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted).  Put another way, Rule 8 places limits on the contents of a complaint "so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Spence v. Dep't of Veterans Affs.*, No. 19-cv-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

"[W]hat is a proper length and level of clarity for a pleading . . . is largely a matter that is left for the discretion of the trial court" and varies from case to case depending on "the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2004)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "Still, a complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material" will fail Rule 8's standard, and so will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013) (citations and internal quotation marks omitted). The Court may dismiss a pleading or an action if it fails to comport with the standards of Rule 8. *See* Fed. R. Civ. P. 41(b); *see also Ciralsky*, 355 F.3d at 669; *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim or complaint" by asking whether the plaintiff has properly stated a claim for which relief can be granted. *Sickle v. Torres Advanced Enter. Sols., LLC*, 884 F.3d 338, 344 (D.C. Cir. 2018). In considering such a motion, the complaint must be construed "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged . . . ." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). But a court may disregard "inferences

6

drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (quoting *Kowal*, 16 F.3d at 1276) (brackets omitted).

Thus, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *Twombly*, 550 U.S. at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Id.* Similarly, there is no obligation to accept plaintiff's legal conclusions as true, nor to presume the truth of legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555. Also, the Court may consider "any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## IV. ANALYSIS

As an initial matter, the Court notes that Mr. Bell is currently proceeding *pro se*. While the Court construes liberally the pleadings of *pro se* plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). The Court also observes that Mr. Bell was represented by counsel when he filed the Complaint. Compl. at 136. That means that for the purposes of the instant motion to dismiss, Mr. Bell "is no ordinary *pro se* litigant; on the contrary, [his] Complaint 'was crafted and signed by [a] lawyer.'" *Spence*, 2022 WL 3354726 at *12 (quoting *Unfoldment, Inc. v. District of Columbia*, No. 07-cv-1717, 2007 WL 3125236, at *2 (D.D.C. Oct. 24, 2007)); Compl. at 136.

With that background, the Court can now address the District of Columbia's motion. The District of Columbia primarily moves to dismiss the Complaint because it is unclear and too long, thus violating Rule 8. Alternatively, they move to dismiss some but not all of the claims for failure to state a claim under Rule 12(b)(6). The Court begins with the District's Rule 8 argument, and because it dismisses the Complaint on that basis, it does not resolve the District of Columbia's Rule 12(b)(6) arguments.

### A. Plaintiff's Complaint Does Not Comply With Rule 8

The District of Columbia moves to dismiss the Complaint, arguing that it violates Fed. R. Civ. P. 8 because it does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and because the allegations are not "simple, concise, and direct." Mot. Dismiss at 1 (quoting Fed. R. Civ. P. 8(a)(2) & 8(d)(1)). Mr. Bell disagrees, contending that the Complaint satisfies Fed. R. Civ. P. 8 and gives the District "fair notice of all claims." Pl.'s Opp'n at 1–2. The Court agrees with the District that the Complaint is overly lengthy and meandering, and thus fails to comply with Fed. R. Civ. P. 8.

The Complaint in this action spans 458 paragraphs and 136 pages. The final numbered paragraph is labeled "418" but after paragraph number 379, the Complaint begins again with a second paragraph number 340. *See* Compl. at 111. After a four-page introduction followed by 67 paragraphs on jurisdiction, the parties, and the factual allegations, the Complaint then presents hundreds of additional paragraphs and allegations spread across subsections for each of the fourteen counts. *See id.* at 1–4, ¶¶ 1–67, 68–116, 117–32, 133–212, 213–23, 224–51, 252–86, 287–305, 306–25, 326–51, 352–79, 380–405, 406–22, 423–34, 435–58.[2]

---

[2] Here, as before, the Court cites to the paragraphs as they would have been labelled if the numbering did not reset after the first paragraph 379, on page 111.

The length of the Complaint stands in contrast to the nature of the dispute. *Jiggetts*, 319 F.R.D. at 413 (noting that "the nature of the action" is relevant to the "proper length and level of clarity for a pleading") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2004)). As the Complaint states, "[t]he events giving rise to all claims commenced on January 7, 2021, culminating on July 31, 2022." Compl. ¶ 4. All of the claims are, to some extent, related to Mr. Bell's employment with the District, his concerns about the purported bullying of a colleague, and his conflicts with his coworkers Mr. Eaton and Ms. Grant. *See generally id.* This is not a case that spans many years, involves a large number of plaintiffs, or combines claims that have a distinct underlying factual basis. Therefore, the Court does not identify any element of complexity in this action that would justify such a long and excessively detailed Complaint.

Other courts in this district have held that complaints of similar length and verbosity violate Rule 8. *See, e.g.*, *Ciralsky,* 355 F.3d at 665 (affirming decision of district court to dismiss amended complaint that was "61 pages long and contained 105 paragraphs," after the district court also dismissed an initial complaint that was "119 pages long and contained 367 numbered paragraphs"); *Terrell v. Mr. Cooper Grp., Inc.*, No. 20-cv-0496, 2020 WL 4673420, at *3 (D.D.C. Aug. 12, 2020) (dismissing *pro se* plaintiff's 90-page, 339-paragraph amended complaint); *Jiggetts*, 319 F.R.D. at 414–15 (dismissing 78-page amended complaint); *Nichols v. Holder*, 828 F. Supp. 2d 250, 253 (D.D.C. 2011) (dismissing 140-page, 385-paragraph complaint brought by *pro se* litigant); *Unfoldment, Inc.*, 2007 WL 3125236, at *1 (dismissing "a complaint that is prolix, redundant, bloated with unnecessary detail, and full of vituperative charges . . . [that] consists of 368 paragraphs and eleven footnotes spread over 61 pages").

More important than the number of pages, however, is that like those cases "it is nearly impossible to discern the *essential* facts that underlie [Mr. Bell's] legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions that are presented in this pleading." *Jiggetts*, 319 F.R.D. at 415.  After the initial 67 paragraphs, it becomes a mighty endeavor to understand how the additional allegations connect to his legal claims, or how the allegations included under each count should fit into the Complaint's overall narrative.  This puzzle "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Ciralsky*, 355 F.3d at 669 (citation and internal quotation marks omitted).

For instance, the Complaint devotes considerable space to topics that appear to have no bearing on Mr. Bell's legal claims.  It quotes from the Declaration of Independence at length and opines on the "very purpose of government." Compl. ¶¶ 141–42.  Elsewhere, it critiques HAHSTA's social messaging campaigns and recommendations on the proper language to use when referring to commercial sex workers, *id.* ¶ 266, and recounts in detail a workplace messaging workshop from 2018 where an employee was criticized for making a remark "apparently dismissive to persons identifying as LGBTQIA+",[3] *id.* ¶ 267.  At other points, the unnecessary details in the Complaint are "bold conclusions, sharp harangues and personal comments," *Brown*, 75 F.R.D. at 499, rather than actual factual allegations, *see, e.g.*, Compl. ¶ 15 ("Like a ventriloquist performing with a dummy doll, this conniving and cunning display of faux confusion on behalf of Mr. Eaton, made it appear as if Ms. Walker was conveying that she was unconcerned with the community's impression of HAHSTA's commitment to racial

---

[3] Further muddling the narrative, the employee was Ms. Grant, who plays a central role in the Complaint for reporting Mr. Bell "for subjecting her to a hostile work environment" for seemingly unrelated reasons.  Compl. ¶ 33.

equity."); *id.* ¶ 83 ("The Plaintiff also wanted to extend to Ms. Grant the opportunity to cease with her lies and deceptions and begin being truthful so her soul would not suffer punishment in this yet to come dimension of time and space."). And even when the Complaint seems to be directly addressing Mr. Bell's claims, it frequently blends legal argument with factual allegations and his personal feelings about this case. *See, e.g.*, *id.* ¶¶ 81–84 (offering thoughts on religious beliefs and First Amendment law); *id.* ¶¶ 120–130 (mixing a discussion of Fourth Amendment legal standards with a characterization of his factual allegations). These examples are not exhaustive but merely an illustration of the tenor and contents of the Complaint.

Mr. Bell, in response to the District's motion to dismiss, argues that the Complaint satisfies Rule 8 because the District has gathered the "crux" of his claims and was able to offer a responsive argument for why many of those claims should fail. Pl.'s Opp'n at 2–3 ("A careful examination shows the Defendant did manage to find the core factual allegation of eight (8) of the Plaintiff's 14 counts."). Yet the District's ability to offer at least some argument for why Mr. Bell's claims should fail does not mean that the Complaint complies with Rule 8. Instead, Rule 8 exists to prevent "unjustified burden" on "the party who must respond," and that burden would not end with the present motion. *Ciralsky,* 355 F.3d at 669. If the Court sided with Mr. Bell on the motion to dismiss, the District would then need to file an answer that addresses each paragraph in the Complaint. *See Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (noting that when a complaint "contains numerous unnecessary averments and is so lengthy and confusing[,]" the defendant "cannot be expected to formulate a response that would apprise [the plaintiff] of the allegations in the complaint that stand admitted and will not be in issue at trial and those that are contested and will require proof to be established") (internal quotation marks and citations omitted). In other words, the Complaint would continue to have

controlling effects throughout the course of this action. *See, e.g.*, *Jordan v. District of Columbia*, 161 F. Supp. 3d 45, 61 (D.D.C. 2016) ("[I]t is well settled that 'a plaintiff is not permitted to raise new claims at the summary judgment stage, where those claims were not pleaded in the complaint.'") (citation omitted).

Additionally, Rule 8 is intended to prevent a plaintiff from imposing an "unjustified burden" on "the [C]ourt." *Ciralsky*, 355 F.3d at 669. Although the District has offered reasons to dismiss some of Mr. Bell's claims on the merits, the Court finds it difficult to evaluate whether those arguments should succeed or fail because the Complaint "contains seemingly irrelevant and unnecessary facts" that "obscure[]" the "actual factual basis" of Mr. Bell's claims. *Jiggetts*, 319 F.R.D. at 415. While the Complaint is admittedly not "unintelligible," *id.*, it certainly has a "lack-of-clarity problem," *id.* at 417. After all, "[i]t is counsel's responsibility, not the Court's, to organize th[e] information prior to the filing of a complaint into the 'clear and concise' statements required by the Rules." *Chennareddy v. Dodaro*, 282 F.R.D. 9, 16 (D.D.C. 2012).

In contrast to the sprawling nature of the Complaint, Mr. Bell's opposition to the motion to dismiss does a better job of describing the essential facts and nature of his claim.[4] *See* Pl.'s Opp'n at 6–9. To be clear, the Court does not suggest that Mr. Bell's Complaint can or should only be a high-level summary. But that condensed narrative "leave[s] no doubt that [the Complaint] could be shortened substantially without sacrificing important content," *Achagzai*,

---

[4] Mr. Bell's opposition does not salvage the Complaint, as "[i]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec'y*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)). And as explained above, the Complaint is relevant as a governing document in this litigation even if later filings from Mr. Bell, such as his opposition, give the Court and the District a better understanding of the Complaint's contents.

109 F. Supp. 3d at 71, and that requiring the District "to answer the [C]omplaint in its current form would not promote 'the just, speedy, and inexpensive determination' of the action," *id.* (quoting Fed. R. Civ. P. 1). To further demonstrate the Complaint's length, the Court notes that it reproduces verbatim the text from dozens of emails and other documents. Compl. ¶¶ 233–49, 340–349, 371–379. The Court reminds Mr. Bell that at the motion to dismiss stage, all allegations in a complaint are accepted as true, and that if he files another complaint that survives a motion to dismiss, he would have opportunities at summary judgment or trial to present a more detailed factual basis for his claims. Thus, "instead of loading up [his] pleading with every conceivable detail that related to any and all aspects of [his] employment," Mr. Bell should "take[] steps to pare down the [C]omplaint in compliance with Rule 8." *Jiggetts*, 319 F.R.D. at 418. Accordingly, the Court grants the District of Columbia's motion to dismiss the Complaint for failure to meet the requirements of Rule 8.

As a result, the Court will not address the District's Rule 12(b)(6) arguments. The District has advised that it intends to "file a more fulsome motion [to dismiss] under Fed. R. Civ. P. 12(b)(6) should the Court grant Plaintiff the opportunity to replead."[5] Mot. Dismiss at 9 n.3. Indeed, "[w]hen a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity

---

[5] The Court briefly notes that Mr. Bell is incorrect that the District has admitted liability for any of the claims that it did not specifically address in its 12(b)(6) arguments. The District's motion to dismiss suspended its obligation to file a responsive pleading, such as an answer where it would admit or deny the allegations in the Complaint, until after the Court resolved the motion. Fed. R. Civ. P. 12(a)(4); *cf. James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 283 (D.C. Cir. 2000) (stating that in the context of the Federal Rules of Civil Procedure, "a motion to dismiss is not a responsive pleading"). In any event, because the Court has dismissed the Complaint, the District has no allegations to admit or deny until Mr. Bell files an amended complaint. Furthermore, the Court advises Mr. Bell that if the District does again move to dismiss after he files an amended complaint, it would not have to file an answer admitting or denying the allegations unless and until the Court denied that motion.

to file an amended complaint that complies with the Rules." *Achagzai*, 109 F. Supp. 3d at 69. Such a remedy is appropriate here.

## V.  CONCLUSION

For the foregoing reasons, the District of Columbia's motion to dismiss the complaint (ECF No. 5) is **GRANTED.**  It is **FURTHER ORDERED** that Mr. Bell is granted leave to file an amended complaint on or before July 5, 2024.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 5, 2024                                                                                    RUDOLPH CONTRERAS
                                                                                                                 United States District Judge