# EXHIBIT 4

 

July 15, 2022

Baron Bell
12212 Asbury Drive
Ft. Washington, MD 20744

**Re:** | **Notice of Final Decision of Summary Removal**

Dear Mr. Bell:

This letter is to notify you of the final decision on your Summary Removal issued on June 6, 2022. After carefully considering the summary removal and the recommendations of the administrative review officer, I conclude that the Summary Removal action is the appropriate resolution of this matter. Accordingly, your last official day with the District of Columbia government will remain June 6, 2022.

**Disciplinary Cause.** This action is being proposed for the following reasons:

1. Conduct constitutes an immediate hazard to the agency, to other District employees or to the employee. (6B DCMR § 1616.2(b)).

    Final Decision: **Summary Removal**

2. Conduct is detrimental to the public health, safety, or welfare. (6B DCMR § 1616.2(c)).

    Final Decision: **Summary Removal**

3. Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's positions. (6B DCMR § 1607.2(a)(5)).

    Final Decision: **Summary Removal**

4. Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay. (6B DCMR § 1607.2 (a)(16)).

    Final Decision: **Summary Removal**

As a government employee, you hold a position of public trust. I agree with the findings and recommendations of the Hearing Officer to uphold the Summary Removal action. In making my decision, I considered the following factors:

**Final Decision Summary Removal – Baron Bell**

1. **Nature and Seriousness of Conduct**

   You were an Administrative Specialist assigned to the HIV/AIDS, Hepatitis, STD, and TB Administration (HAHSTA). You were responsible for Agency compliance with a Housing Grant from the Department of Housing and Urban Development (HUD). You sent an email to your co-worker, Sherita Grant, and included other DC Health employees on your email, making threats to Ms. Grant's personal safety. Your conduct of making threats to another DC Health employee via email cannot be tolerated. Your decision to send an email containing threats to another DC Health employee are unacceptable and constituted an immediate threat to the employee.

2. **Job Level and Employment Type**

   You were an Administrative Specialist assigned to ensure DC Health's compliance with Federal housing grants, which required you to engage with HUD, and was a position of trust.

3. **Past Disciplinary History**

   You did not receive any corrective or adverse actions in the last three (3) years. However, your lack of disciplinary history does not mitigate your conduct of sending an email to another DC Health employee in which you made threats to their personal safety.

4. **Employee's Work Record**

   There have been no complaints about your work performance. However, you were AWOL from July 20, 2021, until the date of your summary removal. Further, your previous satisfactory work performance does not mitigate your conduct of sending threats via email to another DC Health employee.

5. **Confidence in Employee**

   There is no longer confidence in your ability to perform your duties as an Administrative Specialist. Your conduct of sending an email to your co-worker, threatening her personal safety, has eliminated my confidence in your ability to continue employment. Additionally, you included other DC Health employees in your communication where you made threats.

6. **Consistency of Action with Other Employees**

   While there are no other employees under my supervision who have engaged in the conduct of sending threats to their coworkers through email, summary removal is an appropriate action under Chapter 16 of the District Personnel Manual.

**Final Decision Summary Removal – Baron Bell**

7. **Consistency of Action with Table of Illustrative Actions**

   The table of illustrative actions serve as a guide to assist in determining the appropriate action. The conduct alone meets the criteria for a summary removal. When reviewing the additional violations where removal for a first occurrence is not recommended, and balancing the totality of the relevant factors established, summary removal is the appropriate action.

8. **Impact on Agency Reputation**

   If the public were to become aware that a DC Health employee was allowed to email threats to another DC Health employee's personal safety, and maintain their employment, it would undermine their confidence in the Agency's ability to manage the people assigned to work for them. Additionally, as you supported a federal grant, if HUD were to become aware of your conduct, it could undermine the continuation of the grant and future grants the Agency may apply for.

9. **Clarity of Notice to Employee**

   You do not have to be told that you cannot email threats to the personal safety of your co-worker. Making threats can be considered as criminal conduct.

10. **Potential for Employee's Rehabilitation**

    It is unclear if you would engage in similar conduct in the future. You have not reported for duty or contacted your supervisor regarding your duty status since July 20, 2021, but still chose to contact a co-worker via email to make threats to their personal safety on or about June 1, 2022.

11. **Mitigating Circumstances**

    No mitigating circumstances have been identified.

12. **Adequacy of Alternative Action**

    There is no lesser action than summary removal that would deter similar conduct by you in the future.

The effective date of your summary removal remains **June 6, 2022.**

**Review Process.** You have the right to challenge this action and may secure an attorney or other representative, at your own expense. You may seek review of this action by: (1) filing an appeal with the Office of Employee Appeals; or (3) filing a grievance pursuant to any applicable collective bargaining agreement. You may choose only one method of review.

To seek review with the Office of Employee Appeals (OEA), you must file a Petition for Appeal with OEA within 30 days of the effective date of this action. A copy of the appeals application and OEA rules are included with this decision for your convenience.

**Final Decision Summary Removal – Baron Bell**

If you are a member of a union, you may, instead, elect to file a grievance pursuant to your collective bargaining agreement. For procedural guidance on filing a union grievance, please refer to your labor agreement or contact your union representative.

**Government Property.** You must immediately surrender any government property in your possession. If you fail to return any assigned property, the value of that property will be withheld from any outstanding earnings.

**Continuation of Health Insurance.** If you are enrolled in an employee health insurance program, your coverage will continue uninterrupted for 30 days after the effective date of this action. You may elect to continue your health benefits beyond the 30 days by submitting a written election. Your written election must be received no later than 60 days from the effective date of this action. A copy of the benefits continuation form is included with this notice.

**Exit Interview.** For your exit interview, or for additional questions, please contact you your HR specialist, Ashley Jacobs, at ashley.jacobs@dc.gov or by phone at 202-442-9668.

Sincerely,

*[signature]*

LaQuandra S. Nesbitt, MD, MPH
Director

cc:   Keith Fletcher, Chief Operating Officer
      Clover Barnes, MBA, BSN, RN, Senior Deputy Director, HAHSTA
      John Parham, Human Resources Officer
      Gail L. Heath, Employee and Labor Relations Manager



**Office of the General Counsel**

**VIA ELECTRONIC MAIL**

**Hearing Officer Report**

| | |
|---|---|
| **TO:** | LaQuandra S. Nesbitt, MD, MPH, Deciding Official<br>Director, DC Health |
| **FROM:** | Anndreeze H. Williams, Hearing Officer<br>Assistant General Counsel, Department of Behavioral Health |
| **DATE:** | July 13, 2022 |
| **RE:** | Report and Recommendation of Summary Removal – Baron Bell |

## I. SUMMARY

By letter dated June 6, 2022, LaQuandra S. Nesbitt, MD, MPH, Director, DC Health (Agency), issued a written Notice of Summary Removal to summarily remove Baron Bell from his position as an Administrative Specialist assigned to the HIV/AIDS, Hepatitis, STD, and TB Administration (HAHSTA).

After reviewing the Notice of Summary Removal (Notice) and supporting documentation pursuant to 6B DCMR § 1622, this hearing officer finds that the summary removal is supported by a preponderance of the evidence. It is therefore recommended that the Agency proceed with the summary removal of Baron Bell.

## II. STATEMENT OF THE CASE

As an Administrative Specialist in the HIV/AIDS, Hepatitis, STD, and TB Administration (HAHSTA) of DC Health, Mr. Bell is responsible for maintaining the Agency's compliance with a Housing Grant from the Department of Housing and Urban Development (HUD). Although Mr. Bell has been in an Absent Without Leave (AWOL) status since July 20, 2021, he sent a threatening, unprofessional email from a non-District Government email address to a non-District Government email address of Sherita Grant, Housing Coordinator in the Capacity Building, Housing and Community Partnership division of HAHSTA. Mr. Bell's email contained comments that could reasonably be interpreted as threats to Ms. Grant's safety. In addition, the email, which discussed District Government business and mentioned District Government employees, was replete

Hearing Officer Report – Summary Removal of Baron Bell
July 13, 2022
Page **2** of **3**

with other inappropriate language, including profanity, racially charged remarks, and derogatory comments about staff.

The Notice identifies four causes as the basis for Mr. Bell's summary removal:

Cause 1:   Conduct constitutes an immediate hazard to the agency, to other District employees, or to the employee. (6B DCMR §1616.2(b)).
           Agency Action: Summary Removal

Cause 2:   Conduct is detrimental to the public health, safety, or welfare. (6B §DCMR 1616.2(c)).
           Agency Action: Summary Removal

Cause 3    Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's position. (6B §1607.2(a)(5))
           Agency Action: Summary Removal

Cause 4:   Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay. (6B §1607.2 (a)(16)).
           Agency Action: Summary Removal

The following documents were provided in support of the Notice:

- June 6, 2022 – Proposing Official's Rationale Worksheet
- June 1, 2022 – Email (Redacted) from Baron Bell to Sherita Grant and others

No response to the Notice was submitted.[1]

### III. FINDINGS OF FACT

As a District Government employee, Mr. Bell holds a position of public trust. His duties as an Administrative Specialist in HAHSTA, a part of DC Health, involve monitoring the Agency's compliance with a Housing Grant from HUD. Although he used a personal email account to send his June 1, 2022 email to Ms. Grant's personal email account, his email referenced District Government business, in particular, his objections to the manner in which certain HAHSTA matters are conducted. He also sent the email to District Government employees, mentioned other District Government employees, and targeted Ms. Grant, his coworker. As such, there is a sufficient nexus to his position even though he was not in a duty status at the time. Further, the threatening, abusive, and offensive content and tone of his communications, directed toward a specific DC Health

---

[1] Service shall be accomplished in accordance with 6B §1620.1.

employee, and forwarded to other employees, could have an adverse effect on working relationships, and thus, the Agency's mission.

The Agency appropriately considered the factors in 6B DCMR §1606.2. Based on the evidence, it is reasonable for DC Health to find that Mr. Bell threatened Ms. Grant and used abusive, unprofessional, and offensive language. This conduct was detrimental to the public health, safety, and welfare, and constituted an immediate hazard to the Agency and other employees. It is therefore reasonable for DC Health to summarily remove him from his position.

## V. CONCLUSION

As outlined in 6B DCMR §1607.2, an employee may be subject to discipline for Conduct Prejudicial to the District Government and may be summarily removed per 6B DCMR §1616.2. Based on the charging letter and supporting documentation, this hearing officer finds that Mr. Bell engaged in the charged conduct, and that the summary removal action is reasonable and appropriate.

7.13.22

Date

Anndreeze H. Williams, Hearing Officer

---

## FINAL DECISION

_____   The recommendation of the Hearing Officer is **ACCEPTED**.

_____   The recommendation of the Hearing Officer is **DENIED**.

_____

Date

LaQuandra S. Nesbitt, MD, MPH
Deciding Official

 

June 6, 2022

Baron Bell
12212 Asbury Drive
Ft. Washington, MD 20744

Re: Notice of Summary Removal

Dear Mr. Bell:

I was notified on Wednesday, June 1, 2022, that you sent an email to your co-worker, Sherita Grant. In your email, you made several statements that viewed in their entirety can be considered threats against Ms. Grant and her personal safety. Further, you sent your email to other co-workers, exposing them to your comments. Conduct, including emails, that threaten the personal safety of District employees is unacceptable. Accordingly, you are being separated from District service effective **today, June 6, 2022.**

**Disciplinary Cause.** This action is being taken for the following reasons:

1. Conduct constitutes an immediate hazard to the agency, to other District employees or to the employee. (6B DCMR § 1616.2(b)); and

    Agency Action: **Summary Removal**

2. Conduct is detrimental to the public health, safety, or welfare. (6B DCMR § 1616.2(c)).

    Agency Action: **Summary Removal**

3. Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's positions. (6B DCMR § 1607.2(a)(5)).

    Agency Action: **Summary Removal**

4. Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay. (6B DCMR § 1607.2 (a)(16)).

    Agency Action: **Summary Removal**

As a government employee, you hold a position of public trust in the HIV/AIDS, Hepatitis, STD & TB Administration (HAHSTA). Irrespective of the time or place, your conduct of communicating threats via email to another DC Health employee erodes my confidence in your ability to continue employment with the District of Columbia Government. Under the circumstances, your employment must be immediately terminated.

**Review Process.** You have the right to challenge this action and may secure an attorney or other representative, at your own expense. You are encouraged to fully review the accompanying materials supporting this action.

You, or your representative, have the right to submit a written response to the Hearing Officer who will review this action. With any response, you are encouraged to include affidavits or other documents that you would like considered. Any written response must be received within ten (10) calendar days from the date noted on the certificate of service.

Any written response should be sent to the assigned Hearing Officer:

Anndreeze H. Williams
Assistant General Counsel
Office of the General Counsel
Department of Behavioral Health
64 New York Ave., NE, Third Floor
Washington, DC  20002

Based on the Hearing Officer's review and recommendation, supporting documentation and any materials you provide, you will be issued a final determination, which will be sent to your address of record.

Sincerely,

*LaQuandra S. Nesbitt*
LaQuandra S. Nesbitt, MD, MPH
Director

cc:  Keith Fletcher, Chief Operating Officer
     Clover Barnes, MBA, BSN, RN, Senior Deputy Director HAHSTA
     John Parham, Human Resources Officer
     Gail Heath, Employee and Labor Relations Manager



# PROPOSING OFFICIAL'S RATIONALE WORKSHEET

## EMPLOYEE INFORMATION

| Employee name | **Baron Bell** | Hire Date | **April 2, 2018** |
|---|---|---|---|
| Job Title | **Administrative Specialist** | Grade | **CS-13** |

### CHARGE NO.

1. Conduct constitutes an immediate hazard to the agency, to other District employees or to the employee. (6B DCMR § 1616.2(b)); and

    Agency Action: **Summary Removal**

2. Conduct is detrimental to the public health, safety, or welfare. (6B DCMR § 1616.2(c)).

    Agency Action: **Summary Removal**

3. Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's positions. (6B DCMR § 1607.2(a)(5)).

    Agency Action: **Summary Removal**

4. Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay. (6B DCMR § 1607.2 (a)(16)).

    Agency Action: **Summary Removal**

### INSTRUCTIONS FOR EVALUATING THE *DOUGLAS* FACTORS

As an official proposing corrective or adverse action, you are required to determine the appropriate remedial action by considering the factors outlined in Section 1606.2 of the District Personnel Manual. Your analysis of these factors will be considered part of the official record and, should the employee appeal the final agency decision, you could be asked to testify about your analysis.

Each of the factors should be considered in light of the facts and circumstances presented in the proposed notice and supporting documents.

1. For each factor, you should determine whether the factor is aggravating, mitigating, or has had no impact (is neutral) in the formulation of your decision.
2. Write a brief explanation for each factor you determine to be aggravating or mitigating—particularly with respect to those factors you consider "aggravating."

### DEFINITIONS

- AGGRAVATING: to make more severe, intense, serious, worse or grave.
- NEUTRAL: neither a contributing nor detracting factor; applicable
- MITIGATING: to make less severe, intense

*DOUGLAS* FACTORS



## 1. Nature and Seriousness of Conduct

Briefly describe the nature and seriousness of the conduct, and its relationship to the employee's duties:

You are an Administrative Specialist assigned to the HIV/AIDS, Hepatitis, STD, and TB Administration (HAHSTA). In your position, you are responsible for Agency compliance with a Housing Grant from the Department of Housing and Urban Development. You sent an email to your co-worker, Sherita Grant, and included other DC Health employees on your email, making threats to Ms. Grant's personal safety. Your conduct of making threats to another DC Health employee via email cannot be tolerated.

This factor is **AGGRAVATING**.

Your decision to send an email containing threats to another DC Health employee are unacceptable and constitute an immediate threat to the employee. It is of additional concern that the communication was sent despite your having been in a an Absent without Leave (AWOL) status since July 20, 2021.

2. Job Level and Employment Type

☐ Employee is a supervisor or manager

☒ Employee holds a position of trust

☒ Conduct involved public contact (e.g. rude to customers)

☐ Conduct directly related to job (e.g. supply clerk stealing supplies)

This factor is **AGGRAVATING**.

You are an Administrative Specialist responsible for ensuring DC Health's compliance with a federal grant, which is a position of trust. Your conduct involved other DC Health employees.

## 3. Past Corrective or Adverse Actions (including Reprimands)

List all prior reprimands, corrective actions, and adverse actions you are considering in your analysis. This <u>only includes official actions taken within the past 3 years, as reflected in the Official Personnel File.</u> Verbal counseling and other informal records should not be listed in this section.

| Effective Date | Corrective or Adverse Action Effectuated |
|---|---|
|  | You have had no corrective or adverse action in the last three (3) years. |

This factor is **NEUTRAL**.

Your lack of disciplinary history does not mitigate the seriousness of your conduct.

## 4. Employees' Work Record

| Years with agency | 3 | Years with District | 3 |
|---|---|---|---|

Performance Ratings for the last three years:

| Rating period: | 2018 | Rating: | 3.25 |
|---|---|---|---|
| Rating period: | 2019 | Rating: | 3.53 |
| Rating period: | 2020 | Rating: | 3.18 |

This factor is **NEUTRAL**.

Your previous satisfactory performance does not mitigate your conduct in sending an email containing threats to your co-worker.

## 5. Confidence in Employee

☐ Conduct impacts employee's ability to do job (e.g. cannot do job while AWOL)

☒ Conduct undermines confidence in employee's ability to do job (e.g. timekeeping submitted fraudulent time for self)

☒ Conduct undermines confidence in employee's ability to uphold agency mission

This factor is **AGGRAVATING**.

Your conduct of sending an email to your co-worker, threatening her personal safety, has eliminated my confidence in your ability to continue employment. Additionally, you included other DC Health employees in your communication where you made threats.

## 6. Consistency of Action

☒ No other employee under my supervision have engaged in this conduct

☐ The proposed action is consistent with actions taken against other employees under my supervision for similar conduct

☐ The proposed penalty is NOT consistent with that applied to other employees, but is warranted. (**Explain in detail below**)

This factor is **AGGRAVATING**.

While other employees under my supervision have not engaged in such conduct, summary removal is the appropriate action under the District Personnel Manual.

## 7. Consistency with Table of Illustrative Actions

| Cause | 1616.2(b) | | Offense No. | 1 |
|---|---|---|---|---|
| | 1616.2(c) | | | 2 |
| | 1607.2(a)(5) | | | 3 |
| | 1607.2(a)(16) | | | 4 |
| Table Description | Conduct constitutes an immediate hazard to the agency, to other District employees or to the employee | Listed Action | Summary removal | |
| | Conduct is detrimental to the public health, safety, or welfare | | Summary Removal | |
| | Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's positions | | Counseling to 30-day Suspension (first occurrence) | |
| | Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay | | Counseling to 15-day Suspension | |

This factor is **AGGRAVATING**.

The table of illustrative actions serve as a guide as to the appropriate action. The conduct alone meets the criteria for a summary removal. When reviewing the additional violations where removal for a first occurrence is not recommended, the balancing the totality of the relevant factors established, demonstrate summary removal is the appropriate action.

### 8. Impact on Agency Reputation / Notoriety

Did or could the employee's conduct adversely impact on the agency's reputation or undermine the public's confidence in the agency? If so, please explain.

If the public were to become aware that a DC Health employee was allowed to email threats to another DC Health employee's personal safety, and maintain their employment, it would undermine their confidence in the Agency's ability to manage the people assigned to work for them. Additionally, as you support a federal grant, if HUD were to become aware of your conduct, it could undermine the continuation of the grant and future grants the Agency may apply for.

This factor is **AGGRAVATING**.

### 9. Clarity of Notice to Employee of Unacceptable Conduct

Was the employee aware that their actions or behavior were not appropriate? If so, how were they aware (meeting, email, policy issuance, prior counseling, prior discipline)? Additionally, should they have known without being told? If so, why?

You do not have to be told that you cannot email threats to the personal safety of your co-worker. Making threats can be considered as criminal conduct.

This factor is **AGGRAVATING**.

### 10. Potential for Employee's Rehabilitation

How likely is it that the employee will engage in similar conduct in the future? (Did the employee immediately acknowledge their misconduct, or were they evasive? Was the employee remorseful?)

It is unclear if you will engage in similar conduct in the future. You have not reported for duty or contacted your supervisor regarding your duty status since July 20, 2021, but still chose to contact a co-worker via email to make threats to their personal safety on or about June 1, 2022.

This factor is **AGGRAVATING**.

### 11. Mitigating Circumstances

The employee was:

☐ Under unusual job stress (e.g. contributing to insubordination)

☐ Experiencing personal problems

☐ Provoked (e.g. coworker threatened employee)

☐ Apologetic

☐ Forthright, bringing the conduct to management's attention

This factor is **AGGRAVATING**.

There are no mitigating circumstances to your decision to email a co-worker threats to their personal safety.

### 12. Adequacy of Alternative Actions

☒ **No lesser action** will deter similar future conduct by the employee

☐ **A lesser action** could deter similar future conduct by the employee

This factor is **AGGRAVATING**.

There is no lesser action than summary removal to deter similar conduct by you in the future.

**Proposed Action**

| No. | Cause | Propose Action |
|---|---|---|
| 1 | Conduct constitutes an immediate hazard to the agency, to other District employees or to the employee | **SUMMARY REMOVAL** |
| 2 | Conduct is detrimental to the public health, safety, or welfare | **SUMMARY REMOVAL** |
| 3 | Conduct Prejudicial to the District Government: off-duty conduct that adversely affects the employee's job performance or trustworthiness, or adversely affects his or her agency's mission or has an otherwise identifiable nexus to the employee's positions | **SUMMARY REMOVAL** |
| 4 | Conduct Prejudicial to the District Government: use of abusive, offensive, unprofessional, distracting, or otherwise unacceptable language, gestures, or other conduct; quarreling; creating a disturbance or disruption; or inappropriate horseplay | **SUMMARY REMOVAL** |

*By signing this form, you confirm that you reviewed and considered the preceding factors and that you conclude the above proposed action is reasonable and appropriate to the circumstances.*

LaQuandra S. Nesbitt            6/6/2022
Proposing Official               Date